Mildred K. O'Linn (State Bar No. 159055)
  *missy.olinn@manningkass.com*
Nichole Santiago (State Bar No. 291632)
  *nichole.santiago@manningkass.com*
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
801 S. Figueroa St, 15th Floor
Los Angeles, California 90017-3012
Telephone: (213) 624-6900
Facsimile: (213) 624-6999

Attorneys for Defendants, CITY OF FRESNO, a municipal corporation; STEVE ROCHA, in his individual and official capacity; H. CORONA, in his individual and official capacity; OMAR KHAN, in his individual and official capacity; DAVID PONEK, in his individual and official capacity

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| WICKEY TWOHANDS, individually and on behalf of all others similarly situated; and JOSEPH QUINNEY, individually and on behalf of all others similarly situated,<br><br>           Plaintiffs,<br><br>     v.<br><br>CITY OF FRESNO, a municipal corporation; STEVE ROCHA, in his individual and official capacity; H. CORONA, in his individual and official capacity; OMAR KHAN, in his individual and official capacity; DAVID PONEK, in his individual and official capacity; and DOES 1-50,<br><br>           Defendants. | Case No. 1:25-cv-01797-KES-SKO<br>District Judge Kirk E. Sherriff<br>Magistrate Judge: Sheila K. Oberto<br><br>**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS AND MOTION TO STRIKE**<br><br>*[Filed concurrently with Notice of Motion to Dismiss/Strike and Declaration of Attorney Nichole Santiago]*<br><br>Date:    03/02/26<br>Time:    1:30 PM<br>Crtrm.: 6, 7th floor<br>Trial Date: Not set |

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendants CITY OF FRESNO, STEVE ROCHA, H. CORONA,  OMAR KHAN, and DAVID PONEK (hereinafter "defendants") provide this Memorandum of Points and Authorities in support of their Motion to Dismiss causes of action nine,

1

ten and twenty-two and Motion to Strike the punitive damages allegations against the CITY OF FRESNO, and the attorneys' fees where not authorized by statute as to causes of action seventeen, nineteen and twenty-one, pursuant to Federal Rules of Civil Procedure 12(b)(6), 12(f).

## I.    INTRODUCTION AND STATEMENT OF FACTS

The Complaint filed December 10, 2025, has 26 causes of action, with 22 causes of action under a Class Action category.

Plaintiffs: WICKEY TWOHANDS, individually and as Class Representative, and JOSEPH QUINNEY, individually and as Class Representative

Defendants: CITY OF FRESNO, STEVE ROCHA, H. CORONA, OMAR KHAN, and DAVID PONEK

Defendants - ROCHA, CORONA, KHAN and PONEK are police officers employed at the Fresno Police Department and by defendant CITY OF FRESNO. Officer ROCHA assisted by Officer CORONA are alleged to have arrested plaintiff TWOHANDS without probable cause on October 14, 2024. Complaint, ¶¶ 9-10. Officer KHAN assisted by Officer PONEK are alleged to have arrested the plaintiff QUINNEY without probable cause on October 16, 2024. Complaint, ¶¶ 11-12.

The class designations are in three categories at Complaint, ¶¶ 16-17, namely the GENERAL CLASS that comprises unhoused persons in the City of Fresno, those that will become unhoused, and will be subject to enforcement of Fresno Municipal Code section 10-2101 (anti-camping ordinance), and Fresno Municipal Code section 9-3104 (shopping cart ordinance). Both ordinances are punishable as misdemeanors.

The subclass comprises of the ELDERLY SUBCLASS where plaintiff TWOHANDS is alleged to be 78 years old, and the DISABLED SUBCLASS such as plaintiff QUINNEY who is alleged to have impaired vision. Complaint, ¶¶ 16, 101, 123.

///

2

Based upon a recent "point in time count," there are alleged to be 5,000 unhoused individuals in Fresno, and approximately 3,000 unsheltered individuals. Complaint, ¶17.

### A.    Plaintiff TWOHANDS' Individual Experience

These allegations are at paragraphs 101-121 of the Complaint. Plaintiff TWOHANDS alleges on October 14, 2024, he was arrested for violating Fresno Municipal Code section 10-2101 (anti-camping ordinance), and Fresno Municipal Code section 9-3104 (shopping cart ordinance). Plaintiff alleges the arrests were invalid because TWOHANDS was not camping, but rather was on foot; that the shopping cart ordinance is invalid because the required signage by Business and Professions Code section 22435.1 was not on the cart. On January 8, 2025, TWOHANDS was charged in Fresno Superior Court Case No. M25900561 for violating both Fresno Municipal Codes. Complaint, ¶117. The case was dismissed on April 10, 2025, alleging favorable termination. Complaint, ¶¶ 118 and 119. Officer ROCHA, with the assistance of Officer CORONA, made the arrest. That ROCHA has long standing animosity towards homeless. Complaint, ¶104.

### B.    Plaintiff QUINNEY's Individual Experience

These allegations are at paragraphs 122-151 of the Complaint. Plaintiff QUINNEY alleges he has impaired vision that qualifies as a disability; that he was arrested on October 16, 2024 by Officer KHAN with the assistance of Officer PONEK, and that KHAN has long standing animus towards homeless. Complaint, ¶127. QUINNEY was arrested for violating Fresno Municipal Code section 10-2101 (anti-camping ordinance); that his belongings were discarded, including his assistive device. Complaint, ¶132. There are two cases concerning QUINNEY. A prior case with arrest warrant in Fresno Superior Court Case No. M19926605, and then the subsequent one for the most recent charge in Fresno Superior Court Case No. M25900833.

Shortly, after release from jail, on October 19, 2024, QUINNEY had a serious

3

accident and fell down a flight of stairs. It is alleged the fall was foreseeable because of defendants failure to preserve QUINNEY's assistive walking device, and failure to make accommodations for his disability. Complaint, ¶¶ 143-144.

Both of the QUINNEY's criminal cases were dismissed on August 6, 2025, allegedly in favorable termination. Complaint, ¶¶ 147-148.

## II. LEGAL STANDARD UNDER FEDERAL RULE OF CIVIL PROCEDURE 12

### A. Rule 12(b)(6)

For failure to state a claim upon which relief can be granted, conclusions using legalese without supporting facts justifies granting a motion to dismiss as without supporting facts to each element, the complaint is deficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In short, the court is not bound to accept as true a legal conclusion passed as an allegation of fact. *See Iqbal* at 556 U.S. p. 678.

### B. Rule 12(f)

A court may strike from a pleading any redundant, immaterial, impertinent, or scandalous matter on its own motion, or a motion made by a party before responding to the pleading. This pertains to allegations for punitive damages alleged against the CITY OF FRESNO at paragraphs 199, 207, 309, 317, 325, 335, 342 and 350, and also allegations for attorneys' fees not authorized by statute for causes of action seventeen, nineteen and twenty-one at paragraphs 359, 376 and 392.

## III. THE NINTH CAUSE OF ACTION AGAINST ALL DEFENDANTS FOR DISCRIMINATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT FAILS TO STATE A CLAIM FOR RELIEF

### A. Qualified Individuals With Disabilities And Participation By A Public Entity

Title 42 of the United States Code section 12131, subpart (2) provides in relevant part:

"The term 'qualified individual with a disability' means an

4

individual with a disability who, with or without reasonable modifications to rules, policies, or practices, the removal of architectural, communication, or transportation barriers . . . meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity."

The four individual police officers are not a public entity. The four individuals should be dismissed from this cause of action.

Plaintiffs alleges Title II of the Americans with Disabilities Act (ADA) and alleges disabled persons should not be excluded from participation or be denied benefits of services or programs. Complaint, ¶ 276. Plaintiffs allege defendants' actions have disparate impacts on disabled individuals. Complaint, ¶ 284.

The Federal Courts have held on a consistent basis that individuals cannot be personally liable under Title II of the ADA. The Ninth Cause of Action is against all Defendants (including individual officers) alleging Title II Violation. Complaint, ¶ 276. In *U.S. v. Georgia*, 546 U.S. 151, 153 (2006), the individual defendants in an ADA, Title II action were properly dismissed.

In *Tennessee v. Lane*, 541 U.S. 509, 531-532 (2004), Title II does not require government agencies to employ any and all means to make services accessible to persons with disabilities. Nor does it require entities to compromise their essential eligibility criteria for public programs.

**B.    The Complaint Fails To Allege Reasonable Modifications Under The *Schulz* Case**

In *Schulz v. Bay Area Motivate, LLC, Lyft, Inc., Metropolitan Transportation Commission, City and County of San Francisco* (Cal. Northern U.S.D.C. 2020) LEXIS140960; WL 4464916 addressed ADA and Rehabilitation Act by way of a 12(b)(6) Motion. Like the present case, *Schulz* involved a Title II ADA Claim. The Northern District expressly held that to state a claim under Title II of the ADA, it is needed to show that:

"'[A] plaintiff must show that the defendant failed to make

5

reasonable modifications that would accommodate the plaintiff's disability without fundamentally altering the nature of the program or activity, and that the accommodation would have enabled [him] to meet the program's essential eligibility requirements.' See A.G. v. Paradise Valley Unified School Dist., 815 F.3d 1195, 1206 (9th Cir. 2016)." *Id.*

The District Court dismissed the cause of action alleging ADA Title II Violation because the complaint failed to plead facts to show there exists an accommodation. At paragraph 282 of the Complaint, plaintiffs propose accommodations, including time to relocate during sweeps that fundamentally alter the ordinances of the CITY OF FRESNO. In the *Schulz* case, the accommodation would require new staff, additional hours on weekends, additional days and times of the week, and increase the costs. In short, a fundamentally altering of the activity. Neither does the Complaint show that the policies and practices by the CITY OF FRESNO are covered by Title II of the ADA. The Court in *Schulz* held that the cause of action for violation of Title II of the ADA was subject to dismissal because the complaint in the *Schulz* case failed to establish any facts that the policies and practices were a type of program covered by the Act. Nothing in plaintiffs' Complaint supports the Municipal Codes are covered by the ADA Title II.

Referencing Section 504 at paragraph 293 of the Complaint falls short of how it would apply to the CITY OF FRESNO's policies and practices. In short, nothing in the Complaint shows defendants can actually make a reasonable modification that would accommodate the alleged disabilities of thousands of people without fundamentally altering the policies and practices concerning the Municipal Ordinances that plaintiffs concede in the Complaint are "facially neutral ordinances." Complaint, ¶18, subpart b.

For these reasons, the ninth cause of action should be dismissed not only against the individual defendants, but against the CITY OF FRESNO. It would appear plaintiffs cannot state reasonable modifications because it cannot be achieved for 3,000 people or 5,000 people as alleged in the Complaint without fundamentally

6

MANNING | KASS

altering not only the ordinances, but their enforcement of policy and practice.

## IV.  THE TENTH CAUSE OF ACTION FAILS TO STATE A CLAIM FOR RELIEF FOR VIOLATION OF THE REHABILITATION ACT UNDER 29 U.S.C. § 794

### A.  Section 794 Promulgation of Rules and Regulations

Section 794 provides that no otherwise qualified individual with a disability in the United States shall, solely by reason of her or his disability, be excluded from participation in or be denied the benefits of, any program or activity receiving Federal financial assistance.

Based upon a plain reading of the statute, what plaintiffs are alleging is that somehow the individual defendants and the CITY OF FRESNO have an obligation to provide rehabilitation programs and activities that is contrary to the concedingly facially neutral statutes at issue here. *See* Complaint, ¶¶ 295, 296 and 297. The statute is not designed for alleged police misconduct cases regarding policies and practices for arrest for violation of facially neutral law.

### B.  The Rehabilitation Act Does Not Apply

In *Scheerer v. Potter*, 443 F.3d 916, 918 (2006), an out of circuit case before the Seventh Circuit held to establish a prima facie case under the Rehabilitation Act, a plaintiff must show three elements, namely:

1. The plaintiff suffers a substantial limitation of a major life activity;

2. Otherwise qualified to perform the essential qualifications of his job, with or without reasonable accommodation; and

3. Has suffered an adverse employment decision because of the disability.

Case after case in the Annotations under Section 794 have to do with employment cases in an employer-employee relationship. And, even if Section 794 did apply to police misconduct cases, it falls short of making any showing by way of factual allegations that defendants (the individuals, and the CITY OF FRESNO) could actually make a reasonable modification that would accommodate the alleged

7

unknown disabilities of thousands of people without fundamentally altering the policies and practices of municipal ordinances that the Plaintiffs concede in the Complaint are "facially neutral ordinances." *See* Complaint at ¶18, subpart b.

In *Doe v. BlueCross BlueShield of Tennessee, Inc.*, 926 F.3d 235, 241-242 (2019), the Sixth Circuit explained the scope of the Rehabilitation Act, concluding that "§ 504 (29 U.S.C. § 794) does not prohibit disparate-impact discrimination . . . Disparate-impact discrimination occurs when an entity acts for a nondiscriminatory reason but nevertheless disproportionately harms a protected group . . . But the Rehabilitation Act bars discrimination 'solely by reason of her or his disability.'" *Id.* at 241-242. The Sixth Circuit concluded that the language does not encompass actions taken for nondiscriminatory reasons. The Court in *BlueCross BlueShield of Tennessee* went on to opine that the language, as well, applies only to individuals who are otherwise qualified for the program at issue, meaning that the Act allows the disabled to be disparately affected by legitimate job criteria. The Sixth Circuit went on to explain that there is good reason to believe that a disparate impact theory is not available under the Rehabilitation Act for which that Circuit agreed, and so held. The Complaint alleges deliberate indifference to the rights of disabled person, Complaint, ¶ 298, and alleges the CITY OF FRESNO policymaking officials have failed to ensure the Rehabilitation Act compliance in Police Department policies and practices. Complaint, ¶ 299. Based upon the analysis in *BlueCross BlueShield of Tennessee*, this cause of action should be dismissed against all defendants as not applicable and deficiently pled.

## V.   THE TWENTY-SECOND CAUSE OF ACTION FAILS TO STATE A CLAIM FOR RELIEF FOR NEGLIGENCE

A common-law tort cause of action generally does not exist on its own against a public entity, and must be based upon a statute allegedly infringed upon, together with a mandatory duty. *Miklosy v. Regents of University of California,* 44 Cal.4th 876,

8

899 (2008); *Hernandez v. City of Stockton*, 90 Cal.App.5th 1222, 1229 (2023). A mandatory duty does not exist by implication, but by statute.

Plaintiffs allege vicarious liability at paragraph 400 of the Complaint under Government Code section 815.2 but the statute has two parts. It does not state that a public entity is vicariously liable, as it reads, in part, that: "if the act or omission would, apart from this section, have given rise to a cause of action. . ." Similar to the analysis under a Section 1983 claim, a municipality cannot be held liable under respondeat superior theory. *City of Canton, Ohio v. Harris,* 489 U.S. 378, 385 (1989).

The twenty-second cause of action alleges simple negligence by each of the Subclasses as well as the General Class. Complaint, ¶ 394. That the CITY OF FRESNO is vicariously liable under section 815.2 of the Government Code. Complaint, ¶ 400.

The Due Process Clause is not implicated by a **negligent** act of an official causing unintended loss or injury to life, liberty or property. *Daniels v. Williams,* 474 U.S. 327, 328 (1986).

Applying California Common Law, a plaintiff must show that a defendant had a duty to use due care, that he or she breached that duty, and the breach was the proximate or legal cause of the resulting injury. *Lawson v. Superior Court*, 180 Cal.App.4th 1372 (2010). Nothing in the Complaint under the twenty-second cause of action establishes a mandatory duty under a statute in which to impose a negligence cause of action. For these reasons, the twenty-second cause of action against all defendants should be dismissed as well.

## VI.   UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(f), THE PUNITIVE DAMAGES ALLEGATIONS AGAINST THE CITY OF FRESNO SHOULD BE STRICKEN, AS WITH UNAUTHORIZED ATTORNEYS' FEES

### A.   Punitive Damages.

Government Code section 818 expressly bars punitive damages against the

9

CITY OF FRESNO. Punitive damages are not permitted against a municipality. *Kizer v. County of San Mateo,* 53 Cal.3d 139 (1991). The  Complaint alleges punitive damages against all defendants, including the CITY of FRESNO. *See* Complaint,  ¶ LL 22; ¶ 199, LL 1; ¶ 207, LL 1; ¶ 309, LL 12; ¶ 317, LL 17; ¶ 325, LL 13; ¶ 335, LL 15;  ¶ 342, LL 9 and ¶ 350, LL 2. Those allegations should be stricken against the CITY OF FRESNO. The Prayer No. 8 does not remove the punitive damages allegations against the CITY OF FRESNO.

### B.    Attorneys' Fees

As for attorneys' fees, the seventeenth cause of action under California Government Code section 815.6 and Welfare and Institutions Code section 17000, nineteenth cause of action for Discrimination against Persons with Disabilities under California Government Code section 11135, and the twenty-first cause of action for Violation of California Health and Safety Code section 101025 – those statutes do not authorize attorneys' fees as alleged. *See* Complaint,  ¶ 359, LL 13; ¶ 376, LL 13; and ¶ 392, LL 23. The request for attorneys' fees at those paragraphs against all defendants should be stricken. The Complaint is not premised as presently alleged upon California Code of Civil Procedure section 1021.5 discretion for these causes of action.

## VII.   CONCLUSION

For the foregoing reasons, it is respectfully requested that defendants' Motion to Dismiss be granted as to causes of action nine, ten and twenty-two, that the punitive damages allegations against the CITY OF FRESNO at ¶ 199, LL 1; ¶ 207, LL 1; ¶ 309, LL 12; ¶ 317, LL 17; ¶ 325, LL 13; ¶ 335, LL 15;  ¶ 342, LL 9 and ¶ 350, LL 2 be stricken, and that the attorneys' fees allegations be stricken as to those causes of action seventeen (¶ 359, LL 13), nineteen (¶ 376, LL 13) and twenty-one (¶ 392, LL 23) where the statutes do not authorize recovery of same.

///

///

10

RESPECTFULLY SUBMITTED.

DATED:  January 23, 2026

**MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP**

By:    /s/ *Nichole Santiago*

Mildred K. O'Linn, Esq.
Nichole Santiago, Esq.
Attorneys for Defendants, CITY OF
FRESNO, a municipal corporation; STEVE
ROCHA, in his individual and official
capacity; H. CORONA, in his individual
and official capacity; OMAR KHAN, in his
individual and official capacity; DAVID
PONEK, in his individual and official
capacity

11