Mildred K. O'Linn (State Bar No. 159055)
 *missy.olinn@manningkass.com*
Nichole Santiago (State Bar No. 291632)
 *nichole.santiago@manningkass.com*
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
801 S. Figueroa St, 15th Floor
Los Angeles, California 90017-3012
Telephone: (213) 624-6900
Facsimile: (213) 624-6999

Attorneys for Defendants, CITY OF
FRESNO, a municipal corporation;
STEVE ROCHA, in his individual and
official capacity; H. CORONA, in his
individual and official capacity; OMAR
KHAN, in his individual and official
capacity; DAVID PONEK, in his
individual and official capacity

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| WICKEY TWOHANDS, individually and on behalf of all others similarly situated; and JOSEPH QUINNEY, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>    v.<br><br>CITY OF FRESNO, a municipal corporation; STEVE ROCHA, in his individual and official capacity; H. CORONA, in his individual and official capacity; OMAR KHAN, in his individual and official capacity; DAVID PONEK, in his individual and official capacity; and DOES 1-50,<br><br>        Defendants. | Case No. 1:25-cv-01797-KES-SKO<br>District Judge Kirk E. Sherriff<br>Magistrate Judge: Sheila K. Oberto<br><br>**DECLARATION OF ATTORNEY NICHOLE SANTIAGO IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS AND TO STRIKE RE: MEET & CONFER**<br><br>*[Filed concurrently with Notice of Motion to Dismiss/Strike and Memorandum of Points and Authorities]*<br><br>Date:    03/02/26<br>Time:    1:30 PM<br>Crtrm.:  6, 7th floor<br>Trial Date: Not Set |

1

## DECLARATION OF NICHOLE SANTIAGO, ESQ.

I, Nichole Santiago, declare:

1.     That I am an attorney licensed to practice law in the State of California, and in the United States District Courts, Eastern District of California, and a partner and member of Manning & Kass, Ellrod, Ramirez, Trester LLP, attorneys of record for defendants.  I have personal knowledge of the facts set forth herein.

2.     On January 20, 2026, your declarant sent via email a meet and confer letter to counsel for the plaintiffs. A copy is attached as **Exhibit A**. Your declarant did receive a response to same by way of interlineations where plaintiffs are standing on their causes of action nine, ten, and twenty-two of the Complaint. A copy is attached as **Exhibit B**. Our response to plaintiff's response is attached as **Exhibit C**.

3.     On January 22, 2026, through January 23, 2026, counsel for the parties continued corresponding about the issues raised in defendants' Motions. The parties made ample good faith efforts to resolve the issues but were unable to agree to the terms of a stipulation. Therefore, all issues raised by the Motions remain unresolved.

I declare under penalty of perjury pursuant to the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed on this 23rd day of January, 2026, at San Francisco, California.

/s/ *Nichole Santiago*

Nichole Santiago, Esq.
Declarant

**DECLARATION OF ATTORNEY NICHOLE SANTIAGO IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS AND TO STRIKE RE: MEET & CONFER**

# EXHIBIT A

STEVEN D. MANNING
DENNIS B. KASS
ANTHONY J. ELLROD
EUGENE P. RAMIREZ
FREDRIC W. TRESTER
LAWRENCE D. ESTEN
MILDRED K. O'LINN *
ALFRED M. DE LA CRUZ
MARGUERITE L. JONAK *
MICHAEL L. SMITH
LOUIS W. PAPPAS
EUGENE J. EGAN
R. ADAM ELLISON *
JASON J. MOLNAR *
DAVID V. ROTH
JEANETTE L. DIXON
DAVID R. REEDER *
ANTHONY CANNIZZO
RICHARD G. GARCIA
SHARON S. JEFFREY
KATHLEEN A. HUNT *
D. HIEP TRUONG
JANET D. JOHN *
KENNETH S. KAWABATA
KAREN LIAO
MATTHEW E. KEARL
GRETHCHEN COLLIN
ROBERT E. MURPHY *
JASON J. DOSHI
DAVID R. RUIZ
ANDREA KORNBLAU
CHRISTINE LA VORGNA
MARK WILSON
KIRSTEN BROWN
KAYLEIGH ANDERSEN
NATALYA VASYUK
JAMES A. HARRIS
DANIEL B. HERBERT *
MARK A. HAGOPIAN
JOHN M. HOCHHAUSLER
CHRISTOPHER DATOMI
ROLAND TONG

STEVEN W. DELATEUR
ART MARKOW
ROBERT A. STERN
JAMES A. MCKENNEY
TRISHA NEWMAN
JONATHAN J. LABRUM *
WILLIAM KELSBERG
CHRISTOPHER KANJO
STEVEN SPILE
ANDREW LEFF
RICHARD GOOR
LANE E. WEBB
JOHN CULVER
TIFFANY HENDERSON
EVGENIA JANSEN
ANTOINETTE MARINO *
GLENN JOHNSTON
CHRISTINA TAPIA
S. CHRISTIAN ANDERSON
OLESYA MIKHAYLOVA
SOPHIE O. LAFRANCHI
LISA IVERSEN
LISA MARTINELLI
MAYA SORENSEN
NICHOLE SANTIAGO
TWIGGY ALVAREZ
NATHALIE C. HACKETT *
JERRIE WEISS
JAMIE BURKE
RICHARD MONTANA
SORAYA CAMPBELL
ROBIN PASS
KARINA TROST *
LEE P. PINZOW
EUGENE HANRAHAN
DAVID L. FLECK
ECHO REYNOLDS
KRISTIN WROBEL
ANDRE BRUCE
BRYAN MARTINEZ
SUSANNAH RUTH CONN
MARISA QUINZII

SHANNA VAN WAGNER
KATHERINE HWANG
SHAUNA FRASER-KIM
WAYNE HAMMACK
ANGELA BRUNSON
MICHAEL LARIN
DAVID HALL
CHRISTOPHER ROMERO
KAREN CAPASSO
JULIAN LEE
ERIN RATHSWOHL
KELLY DUNCAN
KIRK J. EDSON
JOANA COLOMA
GABRIELLA PEDONE
DANIEL KNIERIM
ANNA KARTOSHKINA
AMANDA WILBUR
ELLARIE HERNANDEZ
ELIKA ZIAEI
ISHA GULATI
BEAR ALLEN-BLAINE
LUCINA RIOS
ERICA L. MOBLEY
MADISON FORSANDER
SHEILA TEMPLETON
HYELIM CHO
SPENCER GILBERT
WESLINA HUNG
JACOB ELLENHORN
VIEUX TOURE
SHAYAN LORASBI
ARGHAVAN SHARIFAN
NEWRI KIM
MICHAEL LANG
DRAKE HERRING
PAUL KRESGE
CAGIL AREL
BRIAN THOMAS PUGLISIE
ELIZABETH POITRAS
NICOLAS HUERTA III
IAN CARSTENS

MARK SIMPLICIANO
CARTER TAYLOR
MAHARI SIMMONDS
SAFI HENSON
AADITYA KAUSHIK
WHITLEY WHITAKER
BRYAN KURTZ
AASTHA DAFTARY
SARAH NUCKEL
BENJAMIN MILGRAM
CAROLINE FARAHANI
JUSTIN KIM
ALEXUS RAMSEY
NICO ZHOU
ESTEBAN ORTIZ
TARIQ BLAKE
KRISTEN BLANTON
SARA KIM
GIGI GUTIERREZ
GRACE NEISINGH
WILLIAM NORTON
SOPHIA SOTTILE
FIONA CHEN
SERGIO HERNANDEZ
MARTIN METTIAS
VIVIANNE RAMIREZ
KIMBERLY ACEVES

OF COUNSEL
JOHN D. MARINO *
MICHAEL A. WEISMANTEL
MICHAEL BRAVE
CHRISTOPHER BAUER
CHARLES MOLLIS
GEOFFREY PLOWDEN
STEVEN J. RENICK
DOUGLAS SMITH

*   Admitted in Multiple
    Jurisdictions

**MANNING | KASS**

15TH FLOOR AT 801 TOWER
801 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3012
Tel:  (213) 624-6900
Fax:  (213) 624-6999
ManningKass.com

January 20, 2026

**VIA E-MAIL**

Kevin G. Little
Law Office of Kevin G. Little
Post Office Box 8656
Fresno, California 93747
Email:  kevin@kevinglittle.com

Re:   **WICKEY TWOHANDS, ET AL. V. CITY OF FRESNO, ET AL.**
      Case No.: 1:25-cv-01797-SKO
      MKERT File No.: 2254-058563

Dear Mr. Little:

We are writing to request that you meet and confer with us prior to our office filing a motion to dismiss and a motion to strike portions of plaintiffs' Complaint [Doc. 1] on behalf of defendants CITY OF FRESNO, OMAR KHAN, H. CORONA, STEVE ROCHA, and DAVID PONEK (collectively "defendants"), pursuant to Federal Rules Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted, and Federal Rules of Civil Procedure 12(f)  In order to facilitate our conference, we are providing you with authorities supporting defendants' assertions.

I am available to meet and confer by telephone 9:00 a.m. – 6:30 p.m., January 21, 2026, through January 22, 2026, or if preferred via email.

**Defendants propose to move to dismiss plaintiffs' ninth and tenth causes of action on the following grounds**:

**1.      Eighth Cause of Action - Due Process in Violation of § 1983**

In *Jones v. Blanas*, 393 F.3d 918 (9th Cir. 2004), the Court emphasized that under the Due Process Clause of the Fourteenth Amendment, an individual detained under civil process

**DALLAS  |  INLAND EMPIRE  |  LOS ANGELES  |  NEW YORK  |  ORANGE COUNTY  |  PHOENIX  |  SAN DIEGO  |  SAN FRANCISCO**

Kevin G. Little
Law Office of Kevin G. Little
**Re:  WICKEY TWOHANDS, et al. v. CITY OF FRESNO, et al.**
January 20, 2026
Page 2



cannot be subjected to conditions that amount to punishment. That conditions of confinement may be considered punitive if alternative and less harsh methods exist to achieve the confinement. (*Fraihat v. U.S. Immigration and Customs Enforcement*, 16 F.4th 613, 648-649 (9th Cir. 2021).

> **2.    Ninth Cause of Action - Discrimination in Violation of the Americans with Disabilities Act (42 U.S.C. § 12131 et seq., Title II) and Tenth Cause of Action for Violation of Rehabilitation Act (29 U.S.C. § 794, Section 504)**

These two Causes of Action are analyzed together. The Complaint alleges defendants have failed to make reasonable modification to its policy, procedures, and practices to avoid discrimination on the basis of disability (¶282); that the CITY OF FRESNO has failed to implement policies to insure ADA compliance (¶287); that the Rehabilitation Act provides that no person with a disability shall be excluded from participation in or denied benefits of programs receiving Federal financial assistance (29 U.S.C. § 794); alleges the CITY OF FRESNO receives federal financial assistance (¶294); that defendants have violated Section 504 by enforcing ordinances against disabled individuals without reasonable accommodation and have discriminated in the process and denied disabled persons meaningful access to public spaces.

It is a question of fact to meet requirements under Title II and the Rehabilitation Act. (*A.G. v. Paradise Valley Unified School Dist. No. 69*, 815 F.3d 1195, 1206 (Ninth Circuit 2016).)

In *Schulz v. Bay Area Motivate, LLC, Lyft, Inc., Metropolitan Transportation Commission, City and County of San Francisco* (United States District Court Northern District of California 2020) LEXIS140960; WL 4464916 addressed ADA and Rehabilitation Act by way of a 12(b)(6) Motion. Like the present case, *Schulz* involved a Title II ADA Claim. The Northern District expressly held that to state a claim under Title II of the ADA, it is needed to show that:

> "'[A] plaintiff must show that the defendant failed to make reasonable modifications that would accommodate the plaintiff's disability without fundamentally altering the nature of the program or activity, and that the accommodation would have enabled [him] to meet the program's essential eligibility requirements.' See *A.G. v. Paradise Valley Unified School Dist.*, 815 F.3d 1195, 1206 (9th Cir. 2016)." (*Id.*)

The District Court dismissed the Cause of Action alleging ADA Title II Violation because the complaint failed to plead facts to show there exists an accommodation. Here, the Complaint does not show that the policies and practices by the CITY OF FRESNO are covered by Title II of the ADA.

Referencing § 504 at ¶293, falls short of how it would apply to the CITY OF FRESNO's policies and practices. Nothing in the Complaint shows defendants can actually make a reasonable modification that would accommodate the alleged disabilities of thousands of people without fundamentally altering the policies and practices of Municipal Ordinances.

Therefore, the causes of action must be dismissed.

Kevin G. Little
Law Office of Kevin G. Little
**Re:  WICKEY TWOHANDS, et al. v. CITY OF FRESNO, et al.**
January 20, 2026
Page 3



### 4.    Twenty-Second Cause of Action for Negligence

The Twenty-Second Cause of Action alleges Negligence upon each of the Subclasses as well as the General Class. (¶394) That the CITY OF FRESNO is vicariously liable under Section 815.2 of the Government Code. (¶400)

A Common-Law Tort Cause of Action generally does not exist on its own against a public entity, and must be based upon a statute allegedly infringed upon, together with a mandatory duty. *Miklosy v. Regents of University of California* (2008) 44 Cal.4th 876, 899; *Hernandez v. City of Stockton* (2023) 90 Cal.App.5th 1222, 1229.

Plaintiffs allege vicarious liability at ¶400 under Government Code § 815.2 but the statute has two parts. It does not state that a public entity is vicariously liable, as it reads, in part, that: "if the act or omission would, apart from this section, have given rise to a cause of action. . . ." Similarly to the analysis under § 1983, a municipality cannot be held liable under respondeat superior theory. *City of Canton, Ohio v. Harris* (1989) 489 U.S. 378, 385.

The Due Process Clause is not implicated by a negligent act of an official causing unintended loss or injury to life, liberty or property. *Daniels v. Williams* (1986) 474 U.S. 327, 328.

Here,  plaintiffs' Complaint fails to allege a particular statute imposing a mandatory duty, and therefore, is subject to dismissal.

**Defendants propose to move to strike portions of plaintiffs' Complaint on the following grounds**:

### 5.    Plaintiffs Cannot Obtain Punitive Damages Against The City Of Fresno.

Government Code section 818 expressly bars punitive damages against a public entity. Punitive damages are not permitted against a municipality. *Kizer v. County of San Mateo,* 53 Cal.3d 139 (1991). Here, the Complaint alleges punitive allegations against the CITY OF FRESNO at ¶¶ 170, 187, 199, 207, 309, 317, 325, 335, 342, and 350. No. 8  OF THE Prayer for Relief limits punitive damages to the individual defendants. However, the Causes of Action 1-4, 11-16, allege punitive damages against all defendants, including the CITY OF FRESNO.  Therefore, punitive allegations against the CITY OF FRESNO are subject to a motion to strike.

### 6.    Attorneys' Fees As To Causes Of Action Seventeen, Nineteen And Twenty-One Do Not By Statute Allow For Attorneys' Fees.

Plaintiffs' Complaint alleges attorneys' fees at ¶¶ 359, 376 and 392. The statutes in these causes of actions do not provide for attorneys' fees. *See* Cal. Welf & Inst. Code § 17000, Cal. Gov. Code § 11135, and Cal. Civ. Code § 54, et seq. Therefore, plaintiffs' request for attorneys' fees as to Causes of Action Seventeen, Nineteen and Twenty-One should be stricken from the Complaint.

Kevin G. Little
Law Office of Kevin G. Little
**Re:  <u>WICKEY TWOHANDS, et al. v. CITY OF FRESNO, et al.</u>**
January 20, 2026
Page 4



Please contact me to discuss the issues raised in this letter no later than end of business on January 22, 2026. We hope to resolve the issues with plaintiffs' Complaint informally without the need for court intervention. We look forward to hearing from you.

Sincerely,

**MANNING│KASS**

Nichole Santiago, Esq.

# EXHIBIT B

STEVEN D. MANNING
DENNIS B. KASS
ANTHONY J. ELLROD
EUGENE P. RAMIREZ
FREDRIC W. TRESTER
LAWRENCE D. ESTEN
MILDRED K. O'LINN *
ALFRED M. DE LA CRUZ
MARGUERITE L. JONAK *
MICHAEL L. SMITH
LOUIS W. PAPPAS
EUGENE J. EGAN
R. ADAM ELLISON *
JASON J. MOLNAR *
DAVID V. ROTH
JEANETTE L. DIXON
DAVID R. REEDER *
ANTHONY CANNIZZO
RICHARD G. GARCIA
SHARON S. JEFFREY
KATHLEEN A. HUNT *
D. HIEP TRUONG
JANET D. JOHN *
KENNETH S. KAWABATA
KAREN LIAO
MATTHEW E. KEARL
GRETHCHEN COLLIN
ROBERT E. MURPHY *
JASON J. DOSHI
DAVID R. RUIZ
ANDREA KORNBLAU
CHRISTINE LA VORGNA
MARK WILSON
KIRSTEN BROWN
KAYLEIGH ANDERSEN
NATALYA VASYUK
JAMES A. HARRIS
DANIEL B. HERBERT *
MARK A. HAGOPIAN
JOHN M. HOCHHAUSLER
CHRISTOPHER DATOMI
ROLAND TONG

STEVEN W. DELATEUR
ART MARKOW
ROBERT A. STERN
JAMES A. MCKENNEY
TRISHA NEWMAN
JONATHAN J. LABRUM *
WILLIAM KELSBERG
CHRISTOPHER KANJO
STEVEN SPILE
ANDREW LEFF
RICHARD GOOR
LANE E. WEBB
JOHN CULVER
TIFFANY HENDERSON
EVGENIA JANSEN
ANTOINETTE MARINO *
GLENN JOHNSTON
CHRISTINA TAPIA
S. CHRISTIAN ANDERSON
OLESYA MIKHAYLOVA
SOPHIE O. LAFRANCHI
LISA IVERSEN
LISA MARTINELLI
MAYA SORENSEN
NICHOLE SANTIAGO
TWIGGY ALVAREZ
NATHALIE C. HACKETT *
JERRIE WEISS
JAMIE BURKE
RICHARD MONTANA
SORAYA CAMPBELL
ROBIN PASS
KARINA TROST *
LEE P. PINZOW
EUGENE HANRAHAN
DAVID L. FLECK
ECHO REYNOLDS
KRISTIN WROBEL
ANDRE BRUCE
BRYAN MARTINEZ
SUSANNAH RUTH CONN
MARISA QUINZII

SHANNA VAN WAGNER
KATHERINE HUANG
SHAUNA FRASER-KIM
WAYNE HAMMACK
ANGELA BRUNSON
MICHAEL LARIN
DAVID HALL
CHRISTOPHER ROMERO
KAREN CAPASSO
JULIAN LEE
ERIN RATHSWOHL
KELLY DUNCAN
KIRK J. EDSON
JOANA COLOMA
GABRIELLA PEDONE
DANIEL KNIERIM
ANNA KARTOSHKINA
AMANDA WILBUR
ELLARIE HERNANDEZ
ELIKA ZIAEI
ISHA GULATI
BEAR ALLEN-BLAINE
LUCINA RIOS
ERICA L. MOBLEY
MADISON FORSANDER
SHEILA TEMPLETON
HYELIM CHO
SPENCER GILBERT
WESLINA HUNG
JACOB ELLENHORN
VIEUX TOURE
SHAYAN LORASBI
ARGHAVAN SHARIFAN
NEWRI KIM
MICHAEL LANG
DRAKE HERRING
PAUL KRESGE
CAGIL AREL
BRIAN THOMAS PUGLISIE
ELIZABETH POITRAS
NICOLAS HUERTA III
IAN CARSTENS

MARK SIMPLICIANO
CARTER TAYLOR
MAHARI SIMMONDS
SAFI HENSON
AADITYA KAUSHIK
WHITLEY WHITAKER
BRYAN KURTZ
AASTHA DAFTARY
SARAH NUCKEL
BENJAMIN MILGRAM
CAROLINE FARAHANI
JUSTIN KIM
ALEXUS RAMSEY
NICO ZHOU
ESTEBAN ORTIZ
TARIQ BLAKE
KRISTEN BLANTON
SARA KIM
GIGI GUTIERREZ
GRACE NEISINGH
WILLIAM NORTON
SOPHIA SOTTILE
FIONA CHEN
SERGIO HERNANDEZ
MARTIN METTIAS
VIVIANNE RAMIREZ
KIMBERLY ACEVES

OF COUNSEL
JOHN D. MARINO *
MICHAEL A. WEISMANTEL
MICHAEL BRAVE
CHRISTOPHER BAUER
CHARLES MOLLIS
GEOFFREY PLOWDEN
STEVEN J. RENICK
DOUGLAS SMITH

*   Admitted in Multiple
    Jurisdictions

**MANNING | KASS**

15TH FLOOR AT 801 TOWER
801 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3012
Tel:  (213) 624-6900
Fax:  (213) 624-6999
ManningKass.com

January 20, 2026

**VIA E-MAIL**

Kevin G. Little
Law Office of Kevin G. Little
Post Office Box 8656
Fresno, California 93747
Email:  kevin@kevinglittle.com

Re:   **WICKEY TWOHANDS, ET AL. V. CITY OF FRESNO, ET AL.**
      Case No.: 1:25-cv-01797-SKO
      MKERT File No.: 2254-058563

Dear Mr. Little:

We are writing to request that you meet and confer with us prior to our office filing a motion to dismiss and a motion to strike portions of plaintiffs' Complaint [Doc. 1] on behalf of defendants CITY OF FRESNO, OMAR KHAN, H. CORONA, STEVE ROCHA, and DAVID PONEK (collectively "defendants"), pursuant to Federal Rules Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted, and Federal Rules of Civil Procedure 12(f)  In order to facilitate our conference, we are providing you with authorities supporting defendants' assertions.

I am available to meet and confer by telephone 9:00 a.m. – 6:30 p.m., January 21, 2026, through January 22, 2026, or if preferred via email.

**Defendants propose to move to dismiss plaintiffs' ninth and tenth causes of action on the following grounds**:

**1.    Eighth Cause of Action - Due Process in Violation of § 1983**

In *Jones v. Blanas*, 393 F.3d 918 (9th Cir. 2004), the Court emphasized that under the Due Process Clause of the Fourteenth Amendment, an individual detained under civil process

**DALLAS  |  INLAND EMPIRE  |  LOS ANGELES  |  NEW YORK  |  ORANGE COUNTY  |  PHOENIX  |  SAN DIEGO  |  SAN FRANCISCO**

Kevin G. Little
Law Office of Kevin G. Little
**Re:  WICKEY TWOHANDS, et al. v. CITY OF FRESNO, et al.**
January 20, 2026
Page 2



cannot be subjected to conditions that amount to punishment. That conditions of confinement may be considered punitive if alternative and less harsh methods exist to achieve the confinement. (*Fraihat v. U.S. Immigration and Customs Enforcement*, 16 F.4th 613, 648-649 (9th Cir. 2021). This cause of action relates to deprivation of property without due process, and the 9th Circuit has clear precedent on that issue.

> **2.** **Ninth Cause of Action - Discrimination in Violation of the Americans with Disabilities Act (42 U.S.C. § 12131 et seq., Title II) and Tenth Cause of Action for Violation of Rehabilitation Act (29 U.S.C. § 794, Section 504)**

These two Causes of Action are analyzed together. The Complaint alleges defendants have failed to make reasonable modification to its policy, procedures, and practices to avoid discrimination on the basis of disability (¶282); that the CITY OF FRESNO has failed to implement policies to insure ADA compliance (¶287); that the Rehabilitation Act provides that no person with a disability shall be excluded from participation in or denied benefits of programs receiving Federal financial assistance (29 U.S.C. § 794); alleges the CITY OF FRESNO receives federal financial assistance (¶294); that defendants have violated Section 504 by enforcing ordinances against disabled individuals without reasonable accommodation and have discriminated in the process and denied disabled persons meaningful access to public spaces.

It is a question of fact to meet requirements under Title II and the Rehabilitation Act. (*A.G. v. Paradise Valley Unified School Dist. No. 69*, 815 F.3d 1195, 1206 (Ninth Circuit 2016).)

In *Schulz v. Bay Area Motivate, LLC, Lyft, Inc., Metropolitan Transportation Commission, City and County of San Francisco* (United States District Court Northern District of California 2020) LEXIS140960; WL 4464916 addressed ADA and Rehabilitation Act by way of a 12(b)(6) Motion. Like the present case, *Schulz* involved a Title II ADA Claim. The Northern District expressly held that to state a claim under Title II of the ADA, it is needed to show that:

> "'[A] plaintiff must show that the defendant failed to make reasonable modifications that would accommodate the plaintiff's disability without fundamentally altering the nature of the program or activity, and that the accommodation would have enabled [him] to meet the program's essential eligibility requirements.' See *A.G. v. Paradise Valley Unified School Dist.*, 815 F.3d 1195, 1206 (9th Cir. 2016)." (*Id.*)

The District Court dismissed the Cause of Action alleging ADA Title II Violation because the complaint failed to plead facts to show there exists an accommodation. Here, the Complaint does not show that the policies and practices by the CITY OF FRESNO are covered by Title II of the ADA.

Referencing § 504 at ¶293, falls short of how it would apply to the CITY OF FRESNO's policies and practices. Nothing in the Complaint shows defendants can actually make a reasonable modification that would accommodate the alleged disabilities of thousands of people without fundamentally altering the policies and practices of Municipal Ordinances.

Therefore, the causes of action must be dismissed.  I agree this is a factual inquiry, but those facts do not need to be fully alleged pre-discovery in the cause of action. The elements of the ADA and Rehab Act are properly alleged, along with supporting facts.

Kevin G. Little
Law Office of Kevin G. Little
**Re:  WICKEY TWOHANDS, et al. v. CITY OF FRESNO, et al.**
January 20, 2026
Page 3



*Was there a point 3 erroneously omitted?*

### 4.      Twenty-Second Cause of Action for Negligence

The Twenty-Second Cause of Action alleges Negligence upon each of the Subclasses as well as the General Class. (¶394) That the CITY OF FRESNO is vicariously liable under Section 815.2 of the Government Code. (¶400)

A Common-Law Tort Cause of Action generally does not exist on its own against a public entity, and must be based upon a statute allegedly infringed upon, together with a mandatory duty. *Miklosy v. Regents of University of California* (2008) 44 Cal.4th 876, 899; *Hernandez v. City of Stockton* (2023) 90 Cal.App.5th 1222, 1229.

Plaintiffs allege vicarious liability at ¶400 under Government Code § 815.2 but the statute has two parts. It does not state that a public entity is vicariously liable, as it reads, in part, that: "if the act or omission would, apart from this section, have given rise to a cause of action. . . ." Similarly to the analysis under § 1983, a municipality cannot be held liable under respondeat superior theory. *City of Canton, Ohio v. Harris* (1989) 489 U.S. 378, 385.

The Due Process Clause is not implicated by a negligent act of an official causing unintended loss or injury to life, liberty or property. *Daniels v. Williams* (1986) 474 U.S. 327, 328.

Here,  plaintiffs' Complaint fails to allege a particular statute imposing a mandatory duty, and therefore, is subject to dismissal. *Many mandatory duties are implicated, including the ADA, Unruh Act, the prior order of the federal court in the 2008 class action, etc.*

**Defendants propose to move to strike portions of plaintiffs' Complaint on the following grounds**:

### 5.      Plaintiffs Cannot Obtain Punitive Damages Against The City Of Fresno.

Government Code section 818 expressly bars punitive damages against a public entity. Punitive damages are not permitted against a municipality. *Kizer v. County of San Mateo,* 53 Cal.3d 139 (1991). Here, the Complaint alleges punitive allegations against the CITY OF FRESNO at ¶¶ 170, 187, 199, 207, 309, 317, 325, 335, 342, and 350. No. 8  OF THE Prayer for Relief limits punitive damages to the individual defendants. However, the Causes of Action 1-4, 11-16, allege punitive damages against all defendants, including the CITY OF FRESNO.  Therefore, punitive allegations against the CITY OF FRESNO are subject to a motion to strike.

*The complaint clarifies on p. 61, line 8 that punitive damages are only being sought v. individual defendants.  The cause of action paragraphs referred to only allege what is available, not against whom specifically each available relief is asserted.*

### 6.      Attorneys' Fees As To Causes Of Action Seventeen, Nineteen And Twenty-One Do Not By Statute Allow For Attorneys' Fees.

Plaintiffs' Complaint alleges attorneys' fees at ¶¶ 359, 376 and 392. The statutes in these causes of actions do not provide for attorneys' fees. *See* Cal. Welf & Inst. Code § 17000, Cal. Gov. Code § 11135, and Cal. Civ. Code § 54, et seq. Therefore, plaintiffs' request for attorneys' fees as to Causes of Action Seventeen, Nineteen and Twenty-One should be stricken from the Complaint. *Attorneys fees may still be awarded as a matter of discretion under CCP 1021.5.*

Kevin G. Little
Law Office of Kevin G. Little
**Re:  <u>WICKEY TWOHANDS, et al. v. CITY OF FRESNO, et al.</u>**
January 20, 2026
Page 4



      Please contact me to discuss the issues raised in this letter no later than end of business on January 22, 2026. We hope to resolve the issues with plaintiffs' Complaint informally without the need for court intervention. We look forward to hearing from you.

      Sincerely,

      **MANNING | KASS**

      Nichole Santiago, Esq.

# EXHIBIT C

STEVEN D. MANNING
DENNIS B. KASS
ANTHONY J. ELLROD
EUGENE P. RAMIREZ
FREDRIC W. TRESTER
LAWRENCE D. ESTEN
MILDRED K. O'LINN *
ALFRED M. DE LA CRUZ
MARGUERITE L. JONAK *
MICHAEL L. SMITH
LOUIS W. PAPPAS
EUGENE J. EGAN
R. ADAM ELLISON *
JASON J. MOLNAR *
DAVID V. ROTH
JEANETTE L. DIXON
DAVID R. REEDER *
ANTHONY CANNIZZO
RICHARD G. GARCIA
SHARON S. JEFFREY
KATHLEEN A. HUNT *
D. HIEP TRUONG
JANET D. JOHN *
KENNETH S. KAWABATA
KAREN LIAO
MATTHEW E. KEARL
GRETCHEN COLLIN
ROBERT E. MURPHY *
JASON J. DOSHI
DAVID R.RUIZ
ANDREA KORNBLAU
CHRISTINE LA VORGNA
MARK WILSON
KIRSTEN BROWN
KAYLEIGH ANDERSEN
NATALYA VASYUK
JAMES A. HARRIS
DANIEL B. HERBERT *
MARK A. HAGOPIAN
JOHN M. HOCHHAUSLER
CHRISTOPHER DATOMI
ROLAND TONG

STEVEN W. DELATEUR
ARI MARKOW
ROBERT A. STERN
JAMES A. MCKENNEY
TRISHA NEWMAN
JONATHAN J. LABRUM *
WILLIAM KELSBERG
CHRISTOPHER KANJO
STEVEN SPILE
ANDREW LEFF
RICHARD GOOR
LANE E. WEBB
JOHN CULVER
TIFFANY HENDERSON
EVGENIA JANSEN
ANTOINETTE MARINO *
GLENN JOHNSTON
CHRISTINA TAPIA
S. CHRISTIAN ANDERSON
OLESYA MIKHAYLOVA
SOPHIE O. LAFRANCHI
LISA IVERSEN
LISA MARTINELLI
MAYA SORENSEN
NICHOLE SANTIAGO
TWIGGY ALVAREZ
NATHALIE C. HACKETT *
JERRIE WEISS
JAMIE BURKE
RICHARD MONTANA
SORAYA CAMPBELL
ROBIN PASS
KARINA TROST *
LEE P. PINZOW
EUGENE HANRAHAN
DAVID L. FLECK
ECHO REYNOLDS
KRISTIN WROBEL
ANDRE BRUCE
BRYAN MARTINEZ
SUSANNAH RUTH CONN
MARISA QUINZII

SHANNA VAN WAGNER
KATHERINE HWANG
SHAUNA FRASER-KIM
WAYNE HAMMACK
ANGELA BRUNSON
MICHAEL LARIN
DAVID HALL
CHRISTOPHER ROMERO
KAREN CAPASSO
JULIAN LEE
ERIN RATHSWOHL
KELLY DUNCAN
KIRK J. EDSON
JOANA COLOMA
GABRIELLA PEDONE
DANIEL KNIERIM
ANNA KARTOSHKINA
AMANDA WILBUR
ELLARIE HERNANDEZ
ELIKA ZIAEI
ISHA GULATI
BEAR ALLEN-BLAINE
LUCINA RIOS
ERICA L. MOBLEY
MADISON FORSANDER
SHEILA TEMPLETON
HYELIM CHO
SPENCER GILBERT
WESLINA HUNG
JACOB ELLENHORN
VIEUX TOURE
SHAYAN LORASBI
ARGHAVAN SHARIFAN
NEWRI KIM
MICHAEL LANG
DRAKE HERRING
PAUL KRESGE
CAGIL AREL
BRIAN THOMAS PUGLISIE
ELIZABETH POITRAS
NICOLAS HUERTA III
IAN CARSTENS

MARK SIMPLICIANO
CARTER TAYLOR
MAHARI SIMMONDS
SAFI HENSON
AADITYA KAUSHIK
WHITLEY WHITAKER
BRYAN KURTZ
AASTHA DAFTARY
SARAH NUCKEL
BENJAMIN MILGRAM
CAROLINE FARAHANI
JUSTIN KIM
ALEXUS RAMSEY
NICO ZHOU
ESTEBAN ORTIZ
TARIQ BLAKE
KRISTEN BLANTON
SARA KIM
GIGI GUTIERREZ
GRACE NEISINGH
WILLIAM NORTON
SOPHIA SOTTILE
FIONA CHEN
SERGIO HERNANDEZ
MARTIN METTIAS
VIVIANNE RAMIREZ
KIMBERLY ACEVES


OF COUNSEL
JOHN D. MARINO *
MICHAEL A. WEISMANTEL
MICHAEL BRAVE
CHRISTOPHER BAUER
CHARLES MOLLIS
GEOFFREY PLOWDEN
STEVEN J. RENICK
DOUGLAS SMITH

*   Admitted in Multiple
    Jurisdictions

**MANNING | KASS**

15TH FLOOR AT 801 TOWER
801 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3012
Tel:  (213) 624-6900
Fax:  (213) 624-6999
ManningKass.com

January 22, 2026

**VIA E-MAIL**

Kevin G. Little
Law Office of Kevin G. Little
Post Office Box 8656
Fresno, California 93747
Email:  kevin@kevinglittle.com

Re:     **WICKEY TWOHANDS, ET AL. V. CITY OF FRESNO, ET AL.**
        Case No.: 1:25-cv-01797-KES-SKO
        MKERT File No.: 2254-058563

Dear Mr. Little:

Thank you for your response to our meet and confer request. We still believe the Ninth and Tenth Causes of Action are deficiently pled, and fall short of the *Schulz* case where the Court dismissed the Cause of Action on a 12(b) Motion.

In regard to the Twenty-Second Cause of Action, the standalone common law Cause of Action for Negligence as pled is not, from our reading of the Complaint, supported by a duty by "implication" as you have argued.

As for the punitive damages allegations, we recognize the Prayer No. 8 of the Complaint is against the Individual Defendants. However, the entire Prayer for Relief is rather broad and all encompassing, not to mention the Cause of Actions alleging punitive damages are also against the CITY OF FRESNO as alleged. That said, we still believe it creates a pleading problem under Section 818.

As for the attorneys' fees, we are aware of Code of Civil Procedure section 1021.5. However, Prayer No. 12 and those Causes of Action Nos. Seventeen, Nineteen and Twenty-One are not premised upon Section 1021.5 discretionary award.

**DALLAS  |  INLAND EMPIRE  |  LOS ANGELES  |  NEW YORK  |  ORANGE COUNTY  |  PHOENIX  |  SAN DIEGO  |  SAN FRANCISCO**

Kevin G. Little
Law Office of Kevin G. Little
**Re:  <u>WICKEY TWOHANDS, et al. v. CITY OF FRESNO, et al.</u>**
January 22, 2026
Page 2



  We need to file our Responsive 12(b) pleading by tomorrow. Perhaps if you would be so kind as to reconsider the above, we can eventually enter into a stipulation resolving these several points short of filing a motion.

        Sincerely,

        **MANNING│KASS**

        Nichole Santiago, Esq.
        Mildred K. O'Linn, Esq.