Mildred K. O'Linn (State Bar No. 159055)
 *missy.olinn@manningkass.com*
Nichole Santiago (State Bar No. 291632)
 *nichole.santiago@manningkass.com*
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
801 S. Figueroa St, 15th Floor
Los Angeles, California 90017-3012
Telephone: (213) 624-6900
Facsimile: (213) 624-6999

Attorneys for Defendants, CITY OF FRESNO, a municipal corporation; STEVE ROCHA, in his individual and official capacity; H. CORONA, in his individual and official capacity; OMAR KHAN, in his individual and official capacity; DAVID PONEK, in his individual and official capacity

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| WICKEY TWOHANDS, individually and on behalf of all others similarly situated; and JOSEPH QUINNEY, individually and on behalf of all others similarly situated,<br><br>           Plaintiffs,<br><br>      v.<br><br>CITY OF FRESNO, a municipal corporation; STEVE ROCHA, in his individual and official capacity; H. CORONA, in his individual and official capacity; OMAR KHAN, in his individual and official capacity; DAVID PONEK, in his individual and official capacity; and DOES 1-50,<br><br>           Defendants. | Case No. 1:25-cv-01797-KES-SKO<br>District Judge Kirk E. Sherriff<br>Magistrate Judge: Sheila K. Oberto<br><br>**DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS AND MOTION TO STRIKE**<br><br>Date:    03/02/26<br>Time:    1:30 PM<br>Crtrm.: 6, 7th floor<br>Trial Date: Not set |

Defendants CITY OF FRESNO, Police Officer STEVE ROCHA, Police Officer H. CORONA,  Police Officer OMAR KHAN, and Police Officer DAVID PONEK ("defendants") reply to plaintiffs' Opposition to the Motion to Dismiss [Doc. 14], as follows:

1

MANNING | KASS

# I. THE NINTH CAUSE OF ACTION AGAINST THE INDIVIDUAL DEFENDANTS AND THE CITY OF FRESNO SHOULD BE DISMISSED

There are two parts in responding to plaintiffs' Opposition here, namely:

**A.** **Individuals - The Plaintiffs Concede the Individual Defendants Should be Dismissed from this Cause of Action (Opposition, 7:25-26)**

The individual defendants have no liability for damages under this cause of action. A reading of Section 12131, subpart (2) is clear on the statute's application to a public entity.

**B.** **City - The Plaintiffs' Proposed Allegations (¶282 of the Complaint) Demonstrates Modifications That Would Fundamentally Alter the Nature of the Program, Activity and/or Enforcement which is Grounds for Dismissal Under the Case of *Schulz v. Bay Area Motivate, LLC, Lyft, Inc., Metropolitan Transportation Commission, City and County of San Francisco* (Cal. Northern U.S.D.C. 2020) LEXIS140960; WL 4464916, and Ninth Circuit Authority**

The Complaint, ¶282, subpart (f) proposed accommodation includes "Failing to assess individual needs and circumstances before enforcement." To comply with such a proposed accommodation, it would require social workers on scene in the field, interviewing each person, in this instance, roughly 8,000 persons as alleged throughout the Complaint. It would in many instances require infield testing procedures, record keeping, and for all practical purposes, and infield physical examination by a medical doctor or physician's assistant, and that is before one even gets to the mandates for more staff, imposing more budget strained costs upon the City. Also, expecting police officers to assess an individual's need for social services while in the field instead of by individuals being assessed by qualified professionals. The proposed accommodation is an impossibility.

The same can be said for subpart (d) of ¶282 of the Complaint requiring accessible shelter options that are available, which by itself would mandate a person

2

or persons of multiple shelters and service providers to be connected to police officers in the field by radio or phone, making law enforcement next to impossible to achieve. It is a roundabout way of plaintiffs arguing the need to make reservations for lodging. Also, requiring police officers to assess an individual's shelter needs while in the field instead of by qualified professionals.

Under a Title II Claim grounded on a public entity's alleged failure to provide reasonable accommodation, a plaintiff bears the burden of showing the existence of a reasonable accommodation. *See Vinson v. Thomas,* 288 F.3d 1145, 1154 (9th Cir. 2002). In addition to the *Schulz* case, in *Zukle v. Regents of University of California*, 166 F.3d 1041, 1047 (9th Cir. 1999), a reasonable accommodation claim cannot be shown where the proposed modification would fundamentally alter the nature of the services, program, or activity.

Plaintiffs reference *Sheehan v. City and County of San Francisco*, 743 F.3d 1211 (9th Cir. 2014). The *Sheehan* Court held that the Court should not second-guess an officers' objectively reasonable decisions. *Id.* at 1223. It would appear enforcement of facially neutral ordinance is a step toward second-guessing allegations.

In regard to plaintiffs' reliance on *Hyer v. City and County of Honolulu*, 118 F.4th 1044 (9th Cir. 2024), qualified immunity was held to be improper only if a defendant's conduct violating a constitutional right that was clearly established at the time of the defendant's action. *Id.* at p. 1066. In the Complaint, plaintiffs concede the City of Fresno Ordinances are facially neutral ordinances. (Complaint, ¶18, subpart b.) Enforcement of facially neutral ordinances is not clearly established as violating a constitutional right.

For the above reasons, the ninth cause of action should be dismissed against all defendants.

//

//

//

3

## II. THE TENTH CAUSE OF ACTION FOR VIOLATION OF THE REHABILITATION ACT UNDER § 504 FAILS TO STATE A CLAIM AND SHOULD BE DISMISSED

The plaintiffs' opposition references the elements of a Section 504 claim, but does not go far enough in addressing all of the elements for a Section 504 reach to apply. In *Sharer v. Oregon*, 581 F.3d 1176 (9th Cir. 2009), the Rehabilitation Act and Section 504 were analyzed in detail, and held that the reach of such a claim mandates three critical elements, namely:

1. That a Section 504, 29 U.S.C. § 794 reach encompasses a department or agency receiving federal funds in only those periods during which the funds are accepted;

2. That a plaintiff must establish the requisite knowledge or notice on behalf of the defendant when he or she shows that the public entity was alerted of the need for accommodation; and

3. While federal financial assistance can be direct or indirect, entities that only benefit economically from federal assistance are not deemed to be receiving Section 504 financial assistance. *Id.* at pp. 1204-1206.

Here, the Complaint at ¶294 has a bald one-line allegation that does not meet the mandates as held by the Ninth Circuit in *Sharer v. Oregon* reference above. ¶294 of the Complaint alleges:

> "The City of Fresno receives federal financial assistance for
> its programs and activities."

The above elements under *Sharer v. Oregon* are not shown anywhere in the Complaint. The grant of federal assistance is not a continuing open door, but limited in time, scope and duration. While the City of Fresno may be a beneficiary to such financial assistance, that is not enough and the Complaint as stated does not state a cause of action under the Rehabilitation Act as alleged.

//

4

DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS AND MOTION TO STRIKE

### III.   THE TWENTY-SECOND CAUSE OF ACTION FOR NEGLIGENCE FAILS TO STATE A CLAIM FOR RELIEF

A common-law tort cause of action generally has been held to not stand on its own against a public entity unless there is a statute allegedly infringed upon with a mandatory duty. A reading of the Complaint makes no reference under the Twenty-Second Cause of Action for Negligence as to what statutes the duty arises. Plaintiffs rely upon *Mary M. v. City of Los Angeles*, 54 Cal.3d 202 (1991), which involved a sexual assault by a police officer. The *Mary M.* case was a police misconduct case where the Supreme Court of California held that a government entity can be held vicariously liable when a police officer acting in the course and scope of employment uses "excessive force or engages in assaultive conduct." *Id.* at pp. 215-216. Plaintiffs' reliance on *Mary M.* is misplaced as there is no allegation throughout the Complaint of excessive force, or assaultive conduct. Here, we have a facially neutral ordinance, and the issue arises whether there was probable cause for arrest, and whether there is malicious prosecution from the dismissal by the City Attorney's Office of the criminal charges.

In addressing a negligence cause of action for the failure to meet a statutory duty (Gov. Code § 815.6), a plaintiff must demonstrate (1) that a statute was violated which imposes a mandatory duty, (2) the statute was intended to protect against the type of harm suffered, and (3) breach of that mandatory duty was the proximate cause of the injury. *Braman v. State of California*, 28 Cal.App.4th 344 (1994). The Complaint fails here for these reasons.

### IV.   THE COMPLAINT DOES NOT LIMIT PUNITIVE DAMAGES TO THE INDIVIDUAL DEFENDANTS

Plaintiff argues that No. 8 in the Prayer for Relief removes the allegations of punitive damages against the City of Fresno at ¶¶ 199, 207, 309, 317, 325, 335, 342 and 350. The language of the Prayer No. 8 is not limiting to exclude the City of Fresno, and thus the Motion to Strike the punitive damages allegations under Government

5

Code section 818.

## V. THE STATUTES UPON WHICH CAUSES OF ACTION SEVENTEEN, NINETEEN AND TWENTY-ONE ARE BASED AND DO NOT AUTHORIZE ATTORNEYS' FEES

Those statutes, namely Government Code section 815.6, California Welfare and Institutions Code section 17000,  Government Code section 11135, and Health and Safety Code section 101025 do not by their express language authorize attorneys' fees. Attorneys' fees are generally allowed pursuant to contract or statute. Code of Civ. Proc. § 1033.5, subpart (a)(10). Attorneys' fees for those three causes of action as alleged should be stricken from the Complaint.

## VI. CONCLUSION

For the above reasons, it is respectfully requested that the Motion to Dismiss be granted as to causes of action nine, ten, and twenty-two, that the punitive damages allegations against the City of Fresno be stricken, and that the attorneys' fees be stricken as to those three named causes of action.

RESPECTFULLY SUBMITTED.

DATED:  February 17, 2026    **MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**


By:    /s/ *Nichole Santiago*
Mildred K. O'Linn, Esq.
Nichole Santiago, Esq.
Attorneys for Defendants, CITY OF FRESNO, STEVE ROCHA, H. CORONA, OMAR KHAN, DAVID PONEK

6